FILED
 2019 Jun-21  AM 10:36
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SAMUEL WOODS, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CASE NO.: |
| | ) |
| **MOTION INDUSTRIES,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

### PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY

**I.     INTRODUCTION**

1.     This is an action for declaratory judgment, equitable relief, and money damages instituted to secure the protection and redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. (hereinafter "Title VII").

2.     Plaintiff Samuel Woods, Jr., (hereinafter "Plaintiff") demands a trial by struck jury pursuant to 42 U.S.C. § 1981(a).

**II.     JURISDICTION and VENUE**

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper pursuant to 28 U.S.C. § 1391.

5.     Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the Defendant's discriminatory act(s) and filed this action within 90 days of receipt of his Notice of Right to Sue.

Woods v. Motion Industries
Complaint
Page 2 of 5
_____

### III.  PARTIES

6. Plaintiff is a male, over the age of nineteen, a citizen of the United States, and a resident of the State of Alabama.

7. Defendant Motion Industries is an employer as defined by Title VII and is located in Irondale, Alabama.

### IV.  FACTS and CAUSES OF ACTION

8. Plaintiff went to work for Motion Industries in 1997 as a Materials Handler.

9. As of July 2018, Plaintiff was working for Motion Industries as a Coordinator.

10. On or about July 17, 2018, one of Plaintiff's co-workers, Rodell Alexander, blew a kiss at Plaintiff.

11. Plaintiff reported this incident to the Plant Supervisor, Willie Griggs.

12. This was not the first incident of sexual harassment Plaintiff reported to Willie Griggs involving Rodell Alexander.

13. On or about July 18, 2018, Horton Industries suspended Plaintiff for two weeks pending investigation of the incident involving Rodell Alexander and the kissing gesture.

14. When Plaintiff returned to work on or about July 30, 2018, he was demoted due to the incident involving Rodell Alexander and the kissing gesture.

15. On or about August 23, 2018, Plaintiff was terminated for the incident involving Rodell Alexander and the kissing gesture.

16. Motion Industries discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 by suspending him in retaliation for engaging in protected activity.

17. Motion Industries discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 by demoting him in retaliation for engaging in protected activity.

18. Motion Industries discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 by terminating him in retaliation for engaging in protected activity.

19. Plaintiff has lost wages and suffered emotional distress and mental anguish as a direct result of the discriminatory policies, practices, and procedures of Motion Industries.

## COUNT I - SUSPENSION

20. Plaintiff was subjected to a sex based harassment by a coworker at Motion Industries.

21. Plaintiff reported the incident(s) of sexual harassment to his supervisors.

22. Motion Industries discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 by suspending him in retaliation for engaging in protected activity.

23. Plaintiff has suffered loss of income, emotional distress, and mental anguish as a result of the Defendant's maintenance of a sexually hostile work environment.

## COUNT II - DEMOTION

24. Plaintiff was subjected to a sex based harassment by a coworker at Motion Industries.

25. Plaintiff reported the incident(s) of sexual harassment to his supervisors.

26. Motion Industries discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 by demoting him in retaliation for engaging in protected activity.

27. Plaintiff has suffered loss of income, emotional distress, and mental anguish as a result of the Defendant's maintenance of a sexually hostile work environment.

## COUNT III - TERMINATION

28. Plaintiff was subjected to a sexual harassment by a coworker at Motion Industries.

29. Plaintiff reported the incident(s) of sexual harassment to his supervisors.

30. Motion Industries discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 by terminating him in retaliation for engaging in protected activity.

31. Plaintiff has suffered loss of income, emotional distress, and mental anguish as a result of the Defendant's maintenance of a sexually hostile work environment.

V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court will take jurisdiction over this action and after a trial on the merits:

    A.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant have violated the rights of the Plaintiff as secured by Title VII;

    B.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at the Defendant's request from continuing to violate Title VII;

    C.    Enter an Order requiring the Defendant to make the Plaintiff whole by reinstating Plaintiff into the position she would have occupied in the absence of discrimination

Case 2:19-cv-00954-KOB   Document 1   Filed 06/21/19   Page 5 of 5

Woods v. Motion Industries
Complaint
Page 5 of 5

_____

        and awarding him lost wages, compensatory damages, and punitive damages; and

D.     Plaintiff further prays for such other relief and benefits as the cause of justice may require including, but not limited to an award of costs, attorneys' fees, and expenses.

        Respectfully submitted,

        /s/Scott A. Gilliland
        Scott A. Gilliland, Counsel for Plaintiff
        ASB-6604-L67S

Law Office of Scott Gilliland
400 Vestavia Parkway Suite 100
Vestavia Hills, Alabama 35216
Telephone: 205.978.8800
E-mail: scott@scottgilliland.net

**Defendant's Address:**

Motion Industries
1605 Alton Road
Irondale, AL  35210

**Plaintiff will issue a Notice of Lawsuit and Request for Waiver of Service of Summons to the Defendant.**